UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BASHAR SABBAGH AND UNITED DEVELOPMENT OF AMERICA, LLC<br><br>Plaintiffs,<br>v.<br><br>CITY OF HACKENSACK, ET AL.<br><br>Defendants. | Civil Action No.: 10-900 (ES) (SCM)<br><br>OPINION AND ORDER |

**SALAS, DISTRICT JUDGE**

Pending before this Court is Plaintiff Bashar Sabbagh's ("Plaintiff") motion for reconsideration, (D.E. No. 168, Motion for Reconsideration ("Pl.'s Mot.")), challenging this Court's granting of Defendants Algerie Borelli, Thomas Kravanaugh, Steven LoIacono and Joseph Mellone's (collectively, "Defendants") motions to dismiss. (D.E. Nos. 124, 128, 132, and 138). For the reasons below, Plaintiff's motion is DENIED.

## I. BACKGROUND

The Court provides the background of this action in summary fashion because the parties are familiar with the facts and the Court has reviewed the facts extensively in the underlying Opinion. (*See* D.E. No. 165, Opinion ("Op.") at 1-7). Briefly, this action arises from a zoning dispute between Defendants and Plaintiff. (D.E. No. 115, Third Amended Complaint ("TAC") ¶ 1). Defendants allegedly manipulated the City of Hackensack's zoning ordinance in unlawful and discriminatory ways which caused Plaintiff economic harm. (*Id.* ¶ 8). Plaintiff contends that because of Plaintiff's race, religion, and political views, (*Id.* ¶ 4), the City of Hackensack's zoning board refused to issue him certificates of occupancy or grant him a use variance. (*Id.* ¶ 7). Plaintiff brought suit to recover lost rent and other damages that allegedly stem from the zoning board's discriminatory and unlawful actions. (*Id.* ¶ 1).

1

Defendants subsequently moved to dismiss Plaintiff's TAC for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (D.E. Nos. 124, 128, 132, and 138). During oral argument on the motions to dismiss, Plaintiff's attorney voluntarily withdrew Plaintiff's racial discrimination claims. (*See* Pl.'s Mot. at 3). On September 14, 2012, the Court granted Defendants' motions, dismissing Plaintiff's remaining claims. (Op. at 1). Now, Plaintiff moves for reconsideration, arguing that sustaining the voluntary dismissal of his racial discrimination claims constitutes a "manifest injustice." (Pl.'s Mot. at 3).[1]

In opposition, Defendants filed four separate opposition briefs. (D.E. Nos. 169, 170, 171, and 173). Defendants collectively argue that Plaintiff has failed to demonstrate a "manifest injustice." (*See*, *e.g.*, D.E. No. 169, Brief in Opposition filed by Algerie Borelli ("Borelli Opp.") at 2; D.E. No. 170, Brief in Opposition filed by Thomas P. Kravanaugh ("Kravanaugh Opp.") at 17).

## II. DISCUSSION

### A. Legal Standard

L. Civ. R. 7.1(i) governs motions for reconsideration. To prevail on a motion for reconsideration, the movant must "show[] at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [previous] motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

---

[1] Plaintiff did not number the pages of his motion.

### B. Analysis

Plaintiff argues that he "will suffer a manifest injustice" if the Court declines the instant motion. (Pl.'s Mot. at 3). In support of his manifest injustice argument, Plaintiff advances four arguments: (1) Plaintiff's attorney was not authorized to waive Plaintiff's racial discrimination claims; (2) Plaintiff will be denied due process if this Court does not grant the reconsideration; (3) Plaintiff will need to bring his racial discrimination claims in state court; and (4) Plaintiff will suffer a financial burden litigating this case in state court. (*Id.* at 3-4). Defendants contend Plaintiff has failed to establish that the waiver of his racial discrimination claims has created a "manifest injustice" because litigants have a strong interest in the finality of judgments. (*See, e.g.*, Borelli Opp. at 2; Kravanaugh Opp. at 17).

"To prevail under the [manifest injustice prong], the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Mason v. Sebelius*, No. 11-2370, 2012 WL 3133801, at *2 (D.N.J. July 31, 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). "Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked." *Iacono v. Mauger*, No. 08-1197(JBS), 2008 WL 2945973, at *1 (D.N.J. July 29, 2008). The "fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *3 (D.N.J. July 21, 2011). Reconsideration of a decision is an "extraordinary remedy," which should be granted "very sparingly." *Friedman v. Bank of America, N.A.*, No. 09-2214, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012).

The Court does not find manifest injustice here. Plaintiff's attorney's unauthorized waiver of a claim does not support granting reconsideration for three reasons. First, Plaintiff cites no law that supports disaggregating Plaintiff's attorney's actions from Plaintiff himself. *See generally Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.").[2] Second, the Court agrees with Defendants that Plaintiff's underlying racial discrimination claims were weak and supported by scant evidence.[3] (Kravanugh Opp. at 23-23). Third, Plaintiff's other closely-related discrimination claims (political and religious discrimination) were sufficiently advocated by Plaintiff's attorney and dismissed, so the instant case bears little similarity to the facts of *United States v. Cirami*, 563 F.2d 26 (2d Cir. 1977).[4] The Court holds that Plaintiff's attorney's unauthorized waiver of Plaintiff's racial discrimination claims does not constitute manifest injustice.

Plaintiff cites no law supporting a finding that due process was lacking in the original proceedings, or is presently lacking if the Court does not grant the instant motion. Finally, Plaintiff's financial and time burdens in litigating this case in state court do not support granting reconsideration. Nothing Plaintiff argues outweighs Defendants' interest in the finality of judgments, so the Court declines to grant the extraordinary remedy of reconsideration.

---

[2] The Third Circuit distinguishes the rule from *Link* when there is a showing of gross neglect or abandonment of the client. Boughner v. Sec'y of Health, Ed. & Welfare, U. S., 572 F.2d 976, 978 (3d Cir. 1978). In *Boughner*, an attorney failed to file an opposition to summary judgment motions in fifty-two separate cases, which the Third Circuit characterized as "nothing short of leaving his client unrepresented." *Id.* at 977. No showing of gross neglect has been presented in the instant case. Indeed, Plaintiff's attorney sufficiently advocated the claims that he felt were meritorious and supported by the evidence.

[3] In the entirety of the TAC, Plaintiff points to only one alleged instance of racial discrimination. The TAC highlights the zoning board attorney's statement in court: "as long as it's not an office that is prohibited because we also have things in our code like most ordinances do of prohibited things such as you can't do – *you know, you can't make bombs*, you can't, you know do other kind of pharmaceuticals in certain areas – I mean, you have your standard exceptions . . . ." (Compl. ¶ 121) (emphasis added).

[4] In *Cirami*, the Second Circuit was deciding a case, in the Fed. R. Civ. P. 60 context, where an attorney with a mental disorder failed to submit *any* opposition to a motion for summary judgment on behalf of his clients.

## III. CONCLUSION

For the aforementioned reasons, Plaintiff's motion for reconsideration is DENIED.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**